UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **RICKY DALE ADKINS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO.  4:06-CV-4666-SLB |
| ) | |
| **GRANT  CULLIVER,  Warden;** ) | |
| **RICHARD F. ALLEN, Commissioner,** ) | |
| **Alabama Department of Corrections,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner's Motion to Alter or Amend the Judgment. (Doc. 31).[1] For the reasons set forth below, the court is of the opinion that petitioner's Motion to Alter or Amend the Judgment, (doc. 31), is due to be denied.

The decision of whether to alter or amend a judgment is largely committed to "the sound discretion of the district judge." *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir.1985). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007)(quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

*Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). "When ruling on Rule 59(e) motions, the district court is not required to state findings or conclusions." *Richards v. Dickens*, No. 10-10343, 2011 WL 285212, *2 (11th Cir. Jan. 31, 2011)(citing Fed. R. Civ. P. 52(a)(3); Fed. R. Civ. P. 59(e)).

In his Motion to Alter or Amend the Judgment, petitioner raises two arguments: (1) "The State Court's *Batson* analysis failed to take into account "all relevant circumstances" and to properly assess the prosecutor's credibility," and (2) "AEDPA does not require identical factual precedent for reversal – particularly where the potential for judicial bias clearly rises to the level of a due process violation." (Doc. 31 at 3, 19.) Although reasonable jurists could disagree with this court's analysis,[2] the issues were throughly considered and discussed in the court's Memorandum Opinion, (*see generally* doc. 29).

Upon review of its Memorandum Opinion, (doc. 29), in light of petitioner's Motion to Alter or Amend the Judgment, (doc. 31), the court finds the Motion to Alter or Amend the Judgment is due to be denied.

---

[2]The court notes that petitioner's arguments raise issues to which "jurists of reason could disagree with [this] court's resolution of his constitutional claims." *Darling v. Secretary, Dept. of Corrections*, 619 F.3d 1279, 1282 (11th Cir. 2010)(quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Therefore, the court will issue a certificate of appealability upon a proper motion.

**DONE**, this 31st day of March, 2011.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE